UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER WILLIAM BLAKNEY, Plaintiff, vs. DARIN YOUNG, Warden, South Dakota State Penitentiary, and MARTY J. JACKLEY Attorney General of the State of South Dakota, Defendants. | 4:17-CV-04022-RAL<br><br>OPINION AND ORDER GRANTING IN PART MOTION TO DISMISS |

Plaintiff Christopher William Blakney (Blakney) commenced this habeas corpus proceeding under 28 U.S.C. § 2254(b) against Darin Young, in his capacity as Warden of the South Dakota State Penitentiary, and Marty J. Jackley, in his capacity as Attorney General of the State of South Dakota (the defendants), alleging his incarceration violates his constitutional right to due process. Doc. 1. The defendants moved to dismiss Blakney's petition without prejudice because they believe eight of the ten grounds for relief are unexhausted. Doc. 7. For the reasons stated below, this Court grants in part and denies in part the defendants' motion.

**I.  Factual Background**

On November 30, 2011, Christopher Blakney pleaded guilty to aggravated assault in South Dakota's Second Judicial Circuit. Doc. 8-3. He received a thirteen-year suspended sentence, subject to fourteen conditions. Doc. 8-3. These conditions included:

1. That the defendant sign and abide by the standard supervised probation agreement with the Court Services Department for twenty-four (24) months....

1

11. That the defendant complete any evaluation, counseling, anger management, or participation in 24/7 program as directed by the Court or the Court Services Officer.
12. That the defendant commit no Class I misdemeanors or greater for a period of ten (10) years.
13. That the defendant commit no violent offenses for a period of ten (10) years.

Doc. 8-3 at 1-2. The first condition meant that Blakney was also subject to the standard conditions of adult probation. The standard conditions of Blakney's adult probation required that he "obey all federal, state, and tribal laws and municipal ordinances" for the duration of his 24 month probation period. Doc. 8-4.

On November 14, 2012, the State moved to revoke Blakney's suspended sentence based on a Violation Report asserting that Blakney violated Condition 11 of his sentence by failing to comply with the Court Service Officer's directive to verify that he had undergone a sex offender evaluation. Doc. 8-5 at 3. The state court entered an Order Revoking Suspended Sentence, and Blakney was incarcerated. Doc. 8-6. Blakney appealed the revocation of his suspended sentence to the Supreme Court of South Dakota, which reversed the Second Judicial Circuit's decision because sex offender treatment was not expressly required by Condition 11 or otherwise as part of the sentence. Doc. 8-11. The Second Judicial Circuit vacated its previous revocation of Blakney's suspended sentence on July 30, 2014. Doc. 8-13.

The State again moved to revoke Blakney's suspended sentence on November 7, 2014, a week after Blakney was arrested in Lincoln County, South Dakota for simple assault and driving with a revoked license. Doc. 8-16. The Second Judicial Circuit entered an Order Revoking Suspended Sentence on June 30, 2015. Doc. 8-21. Again, Blakney appealed to the Supreme Court of South Dakota, which summarily affirmed the revocation of Blakney's suspended sentence on November 14, 2016. Doc. 8-22; Doc. 8-23; Doc. 8-26.

Blakney filed this timely 28 U.S.C. § 2254 federal habeas petition on February 16, 2017. Doc. 1. Blakney's petition raised ten grounds for granting the writ of habeas corpus, all of which

2

allege violations of Blakney's Fifth and Fourteenth Amendment rights to due process. Doc. 1 at 5-18. The defendants now move to dismiss Blakney's federal habeas petition because they believe that he has exhausted only two of the ten asserted grounds in the petition and that stay and abeyance is inappropriate. Doc. 7. Blakney believes that he has exhausted all ten of his claims in state court and that his federal habeas petition may proceed in this Court in its entirety without returning to state court. Doc. 10.

**II.    Analysis**

Section 2254 of Title 28 allows a state inmate to collaterally attack his conviction and sentence as contrary to the United States Constitution, but the inmate first must exhaust through available state courts his Constitution-based claims for relief. Under § 2254, a federal court cannot grant a writ of habeas corpus to a "person in custody pursuant to the judgment of a State court," unless the "applicant has exhausted the remedies available in the courts of the State," or unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). "[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). "Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding does it make sense to speak of the exhaustion of state remedies." Picard v. Connor, 404 U.S. 270, 276 (1971). The exhaustion requirement protects the state courts' role in enforcing federal law, allows state courts the opportunity first to correct possible constitutional defects in state court convictions, and prevents the potentially "unseemly" disruption of state judicial proceedings through premature federal court intervention. Rose v. Lundy, 455 U.S. 509, 518 (1982) (quoting Darr v. Burford, 339 U.S. 200, 204 (1950)). Under the framework

3

established in Lundy, a federal district court may not issue the writ of habeas corpus in response to a "mixed" petition containing some exhausted claims and some unexhausted ones.

To determine if a claim has been exhausted, a federal court must determine whether the petitioner fairly presented the issue to the state courts in a federal constitutional context. Satter v. Leapley, 977 F.2d 1259, 1262 (8th Cir. 1992). "To satisfy exhaustion requirements, a habeas petitioner who has, on direct appeal, raised a claim that is decided on its merits need not raise it again in a state post-conviction proceeding." Id. "A claim is considered exhausted when the petitioner has afforded the highest state court a fair opportunity to rule on the factual and theoretical substance of his claim." Ashker v. Leapley, 5 F.3d 1178, 1179 (8th Cir. 1993).

Fairly presenting a federal claim requires more than simply going through the state courts:

> The rule would serve no purpose if it could be satisfied by raising one claim in the state courts and another in the federal courts. Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding does it make sense to speak of the exhaustion of state remedies. Accordingly, we have required a state prisoner to present the state courts with the same claim he urges upon the federal courts.

Picard, 404 U.S. at 276. It is also not enough for the petitioner merely to assert facts necessary to support a federal claim or to assert a similar state-law claim. Ashker, 5 F.3d at 1179. The petitioner must present both the factual and legal premises of the federal claims to the state court. Smittie v. Lockhart, 843 F.2d 295, 297 (8th Cir. 1988). "The petitioner must 'refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue.'" Ashker, 5 F.3d at 1179 (quoting Kelly v. Trickey, 844 F.2d 557, 558 (8th Cir. 1988)). This does not, however, require plaintiff to cite "book and verse on the federal constitution." Picard, 404 U.S. at 278 (quoting Daugharty v. Gladden, 257

4

F.2d 750, 758 (9th Cir. 1958)). The petitioner must simply make apparent the constitutional substance of the claim. Satter, 977 F.2d at 1262.

The passage of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposed a one-year statute of limitations upon habeas claims submitted in federal court by state prisoners. 28 U.S.C. § 2244(d). In Rhines v. Weber, the Supreme Court addressed a problematic implication of AEDPA: "As a result of the interplay between AEDPA's 1-year statute of limitations and Lundy's dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims." Rhines v. Weber, 544 U.S. 269, 275 (2005). To avoid such an outcome, the Supreme Court recognized an exception to the Lundy rule which allows federal district courts to stay a mixed petition "and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims." Id. at 275. However, the Court made clear that "stay and abeyance should be available only in limited circumstances." Id. at 277.

Thus, this Court initially must determine which of Blakney's claims are exhausted and whether any of the claims are unexhausted. If, as Blakney argues, he has already exhausted each claim presented in his federal habeas petition, then his petition to this Court may proceed in its entirety. If there are any unexhausted claims in the petition though, the petition is a mixed one and cannot proceed in federal court until it contains only exhausted claims. If Blakney's petition is mixed, this Court must decide whether to grant the defendants' motion to dismiss without prejudice, whether to allow Blakney the opportunity to purge his petition of unexhausted claims and proceed on the exhausted claims only, or whether to grant stay and abeyance to allow Blakney to return to state court to exhaust his unexhausted claims.

**A. Total Exhaustion**

5

Blakney's federal habeas petition presents ten grounds for granting the writ of habeas corpus. Doc. 1 at 5-18. The defendants concede that Grounds Three and Four appear to be exhausted and may proceed in federal court under 28 U.S.C. § 2254, Doc. 8 at 1, but argue that the other eight claims have not been exhausted. Doc. 8 at 1. This Court will address those eight claims in Blakney's petition individually. Of course, when addressing whether certain claims are exhausted, this Court by no means is passing judgment on the merits of the claims.

*Ground One*

Blakney's first ground in his habeas petition alleges violation of his right to due process stemming from a "[l]ack of [j]urisdiction" due to the absence of a "finding [of] probable cause at the preliminary hearing" in November of 2014. Doc. 1 at 5. Blakney claims to have exhausted this ground by raising it in his brief to the Supreme Court of South Dakota. Doc. 10 at 1. Blakney's brief to the Supreme Court of South Dakota raised and exhausted a related issue which is the subject of Ground Four of Blakney's petition. See Doc. 1 at 11; Doc. 8-23 at 22. However, Blakney's brief to the Supreme Court of South Dakota did not argue that the alleged absence of a finding of probable cause at his preliminary hearing caused an absence of state jurisdiction. Blakney did not raise the claim in Ground One in a manner to present the factual and legal issue to the Supreme Court of South Dakota. See Smittie, 843 F.2d at 297. Thus, this claim is not exhausted and cannot proceed in this Court at this time.

*Ground Two*

Blakney in Ground Two alleges violation of his right to due process stemming from a "[l]ack of jurisdiction [d]ue to probation ending on November 30, 2013." Doc. 1 at 7. Blakney attacked jurisdiction on this basis in his brief to the Supreme Court of South Dakota, arguing that the period of incarceration served on the initial revocation of his suspended sentence (later reversed

6

by the Supreme Court of South Dakota) should not have tolled his probation period. Doc. 8-23 at 27-30. According to Blakney's argument, because the supervised probation period should have continued to run while Blakney was improperly imprisoned, his probation ended nearly a year before the events leading to his arrest on October 31, 2014, so the Second Judicial Circuit lacked jurisdiction to revoke his suspended sentence. The defendants argue that Blakney, when raising this issue during his state court appeal, failed to "assert the circuit court's alleged lack of jurisdiction violated the due process clauses of the Fifth and Fourteenth Amendments" and thus that his federal habeas petition states a new, unexhausted claim. Doc. 8 at 13. However, claims that a court acted in spite of jurisdictional deficiencies are inevitably claims that due process has been abridged. Cf. J. McIntyre Mach., Ltd. v. Nicastro, 564 U.S. 873, 879 (2011) ("The Due Process Clause protects an individual's right to be deprived of life, liberty, or property only by the exercise of lawful power."). Granted, Blakney's brief did not explicitly reference federal due process as his federal habeas petition now does, but "it is not necessary to cite 'book and verse on the federal constitution'" so long as "the constitutional substance of a claim" is evident. Satter, 977 F.2d at 1262 (quoting Picard, 404 U.S. at 278).

*Ground Five*

Ground Five asserts that Blakney's Fifth and Fourteenth Amendment due process rights were violated "[d]ue to [his sentence] being internally contradict[ory] and or ambiguous." Doc. 1 at 12. Blakney argued to the Supreme Court of South Dakota that his sentence was contradictory and ambiguous, but made that argument based on the South Dakota constitution and state law. Doc. 8-23 at 18-22. In his brief to this Court, Blakney attempts to frame his argument before the Supreme Court of South Dakota as one arising out of federal law by emphasizing the fact that his brief quoted United States v. Vilano, 816 F.2d 1448 (10th Cir. 1987), quoted in State v. Cady, 422

N.W.2d 828, 830 (S.D. 1998). Doc. 10 at 5-6; see Doc. 8-23 at 20. But the Supreme Court of South Dakota quoted Vilano within Cady only to borrow its succinct explanation of sentencing ambiguity, not in support of some constitutional or other substantive federal proposition. See Cady, 422 N.W.2d at 830. Thus, Blakney's mere quotation of language which first appeared in Vilano did not provide the state court a "full opportunity to resolve any constitutional issues." O'Sullivan, 526 U.S. at 845. Blakney did not quote Vilano in his brief to the Supreme Court of South Dakota for some constitutional principle or argument. Consequently, Blakney failed to exhaust this claim in state court before bringing it in federal court. Cf. Duncan v. Henry, 513 U.S. 364, 365–66 (1995) ("If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution.").

*Ground Six*

Blakney has exhausted Ground Six of the petition, which asserts that a violation of his Fifth and Fourteenth Amendment due process rights resulted when the court revoked his suspended sentence despite a "[l]ack of evidence to find" a violation of "Condition #1 of probation or any suspended sentence conditions since [Blakney's] conduct did not constitute recklessly causing bodily injury." Doc. 1 at 14. Blakney made the same insufficiency of evidence argument contained in Ground Six in his brief to the Supreme Court of South Dakota. See Doc. 8-23 at 31-33. The Supreme Court has ruled that a probation revocation violates due process when the findings which lead to revocation are "totally devoid of evidentiary support." Douglas v. Buder, 412 U.S. 430, 432 (1973) (per curiam). Under Eighth Circuit precedent, "[a]ny challenge to the sufficiency of the evidence to convict in a state prosecution is necessarily a due process challenge to the conviction." Satter, 977 F.2d at 1262. Thus, Blakney exhausted this claim.

8

*Ground Seven*

Blakney has also exhausted Ground Seven, which alleges violation of his right to due process resulting from a lack of evidence supporting a violation of the implied condition of good behavior. Doc. 1 at 15. In his brief to the Supreme Court of South Dakota, Blakney made the same factual argument. Doc. 8-23 at 36 ("In this case we have a family dispute where an accident caused an injury. This is not sufficient evidence for a revocation [sic] of the implied condition of good behavior."). As discussed above, an insufficiency of evidence argument is an argument that due process has been violated. See Douglas, 412 U.S. at 432; Satter, 977 F.2d at 1262. Thus, Ground Seven was exhausted in state court before Blakney filed his federal habeas petition.

*Ground Eight*

Blakney has exhausted Ground Eight, which alleges that the court violated his right to due process when it revoked his suspended sentence despite a "[l]ack of evidence for a violation of [Condition] #12 of the [j]udgment and sentence." Doc. 1 at 16. Condition 12 of Blakney's suspended sentence required that he "commit no Class I misdemeanors or greater for a period of ten (10) years." Doc. 8-3 at 2. In his brief to the Supreme Court of South Dakota, Blakney argued that in order to violate Condition 12 of the sentence, he would first have to be convicted of a Class I misdemeanor or worse before his suspended sentence could be revoked, and because he has not been convicted of a Class I misdemeanor or worse since his suspended sentence began, he has not violated Condition 12. Doc. 8-23 at 36-39. Blakney merely repeats this argument in his federal habeas petition, simply making explicit that such an alleged error is inconsistent with due process. Doc. 1 at 16. Again, arguing that a probation revocation was based upon insufficient evidence amounts to arguing that due process has been violated. See Douglas, 412 U.S. at 432; Satter, 977 F.2d at 1262 ("Any challenge to the sufficiency of the evidence to convict in a state prosecution is

9

necessarily a due process challenge to the conviction."). Therefore, Blakney exhausted Ground Eight before filing his federal habeas petition.

*Ground Nine*

Blakney has exhausted Ground Nine, which avers that the court found that Blakney violated Condition 13 of his suspended sentence without sufficient evidence and that this finding violated his right to due process. Doc. 1 at 17. Condition 13 of the sentence prohibited Blakney from committing violent offenses for ten years. Doc. 8-3 at 2. Blakney's brief to the Supreme Court of South Dakota included an argument that the facts of his case were insufficient to show that he had committed a violent offense during his suspended sentence. Doc. 8-23 at 39-41. Again, Blakney's challenge to the sufficiency of the evidence relied upon by the state court when it revoked his suspended sentence was a due process challenge. Satter, 977 F.2d at 1262. Thus, Ground Nine was exhausted when it was considered and rejected by the Supreme Court of South Dakota.

*Ground Ten*

Blakney has not exhausted Ground Ten, which asserts that denying Blakney his purported "right to excuse the trial judge" violated his Fifth and Fourteenth Amendment due process rights. Doc. 1 at 18. In his brief to the Supreme Court of South Dakota, Blakney asserted a right to recuse a trial judge when the judge permits the addition of new allegations into a sentence revocation hearing in a state case, citing State v. Alexander, 313 N.W.2d 33 (S.D. 1981). Doc. 8-23 at 41-42. The Supreme Court of South Dakota's order of affirmance declined to recognize the right claimed by Blakney. Doc. 8-26. He now avers that he has a federal due process right to recuse the trial judge given the circumstances, but he did not make that claim to the state court. Thus, Ground Ten in Blakney's federal habeas petition has not been exhausted.

### B. Stay and Abeyance or Dismissal of Claims

The parties agree that Grounds Three and Four have been exhausted. Additionally, this Court finds that Grounds Two, Six, Seven, Eight, and Nine have been exhausted in state court and may proceed in this Court. Grounds One, Five, and Ten have not been exhausted. Accordingly, Blakney has filed a mixed petition.

Because Blakney has filed a mixed federal habeas petition, this Court must next decide whether to dismiss part or all of the petition or grant stay and abeyance *sua sponte*. Stay and abeyance of mixed federal habeas petitions is an option available at the discretion of district courts in certain cases. Rhines, 544 U.S. at 277. A district court may stay a federal habeas petition "and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims" when the petitioner has "good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id. at 275, 278. Because all of Blakney's unexhausted claims are "plainly meritless," this Court will not grant stay and abeyance, but will dismiss the unexhausted claims. Id. at 277.

Ground One avers that the state court unconstitutionally revoked Blakney's suspended sentence when it lacked the jurisdiction to do so because it had not expressly found probable cause at a preliminary hearing. Doc. 1 at 5. According to this theory, lack of a finding of probable cause for Blakney's alleged violation stripped the court of jurisdiction over him. Id. But jurisdiction over Blakney did not hinge on a preliminary finding of probable cause, but on his status of being on state probation and under a suspended imposition of sentence. See SDCL § 23A-27-18.5 ("Any court granting probation or a suspended execution of sentence retains jurisdiction to revoke the probation or suspended execution of sentence for violation of its terms and conditions"). Blakney

11

has not identified any deficiency in SDCL § 23A-27-18.5 which makes it incompatible with due process, nor has this Court found any reason to doubt the statute's constitutionality.

Ground Five is also meritless. Ground Five alleges that an internal contradiction in Blakney's sentence amounts to an unconstitutional disregard for his Fifth and Fourteenth Amendment rights to due process. Doc. 1 at 12-13. According to Blakney, the first condition of the probation, which required him to "obey all federal, state, and tribal laws and municipal ordinances," contradicted Condition 12 of the suspended sentence, which required him to "commit no Class I misdemeanors or greater for a period of ten (10) years." Doc. 8-4; Doc. 8-3 at 2. Blakney in essence argues that Condition 12 of the sentence permits him to commit lesser misdemeanors during the ten-year period. Notwithstanding Blakney's arguments, the suspended imposition of sentence terms are not incompatible with his probation terms. Condition 12 renders it a violation of conditions of his suspended imposition to commit a Class I misdemeanor or worse crime. It does not follow that commission of a Class II misdemeanor could not possibly have consequences such as being a probation violation or other violation of terms of the suspended imposition. Thus, Condition 12 is wholly compatible with a condition like Condition 1 of his probation which further restricts acceptable behavior. Ergo, Blakney's allegation in Ground Five that the court violated due process by imposing a self-contradictory sentence upon him is groundless.

Ground Ten, alleging denial of a Due Process right to "excuse the trial judge," also lacks merit. Doc. 1 at 18. Although the Due Process Clause does require that judges recuse themselves under certain circumstances, nothing about Blakney's case and nothing that occurred during the revocation process required that the presiding judge recuse herself. See Tumey v. State of Ohio, 273 U.S. 510, 523 (1927) ("[I]t certainly violates the Fourteenth Amendment...to subject [a

defendant] to the judgment of a court, the judge of which has a direct, personal, substantial pecuniary interest in reaching a conclusion against him in his case."). Indeed, even "[p]ersonal bias or prejudice 'alone would not be sufficient basis for imposing a constitutional requirement [of recusal] under the Due Process Clause.'" Caperton v. A.T. Massey Coal Co., Inc., 556 U.S. 868, 877 (2009) (quoting Aetna Life Ins. Co. v. Lavoie, 475 U.S. 813, 820 (1986)). Blakney contends that he should have been able to recuse the judge once she allowed the State to amend its motion to revoke Blakney's suspended sentence. But no constitutional right to due process affords a defendant the right to recuse a judge for such a reason. Because all of Blakney's unexhausted claims are meritless, this Court declines to stay Blakney's petition and instead dismisses the unexhausted claims. See Rhines, 544 U.S. at 277.

### III. Conclusion

For the reasons stated above, it is hereby

ORDERED that the defendants' motion to dismiss, Doc. 7, is granted in part with respect to Grounds One, Five, and Ten and denied in part with respect to Grounds Two, Six, Seven, Eight, and Nine. It is further

ORDERED that the defendants have 30 days within which to answer Blakney's petition.

DATED this 12th day of June, 2018.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE

13